Henry Ben-Zvi (CSBN: 105419)
BEN-ZVI & ASSOCIATES
3231 Ocean Park Blvd., Suite 212
Santa Monica, California 90405
Telephone: (310) 664-1570
Facsimile: (310) 664-1571
*henry@ben-zvilaw.com*

FILED

AUG 2 9 2013

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

Attorneys for Defendants RPOST INTERNATIONAL
LIMITED, RPOST COMMUNICATIONS LIMITED,
and RMAIL LIMITED

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>    TERRANCE ALEXANDER TOMKOW,<br><br>        Debtor,<br><br>_____<br><br>THOMAS BURKE, an individual; and 126736 CANADA INC., a Canadian Corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ZAFAR KHAN; TERRANCE TOMKOW; RPOST INTERNATIONAL LIMITED; RMAIL LIMITED; RPOST COMMUNICATIONS LIMITED; JUAN ROJAS; and MOMENTEX, INC.,<br><br>        Defendants.<br>_____ | CASE NO. 2:13-BK-19712-WB<br>Adversary No.: 2:13-AP-01774<br><br>Chapter 13<br><br>**DEFENDANTS' MOTION TO DISMISS**<br><br><br>Date: **To Be Determined by Court**<br>Time:<br>Courtroom: 1375<br>Judge:    Hon. Julia W. Brand |

DEFENDANTS' MOTION TO DISMISS

ORIGINAL

# **TABLE OF CONTENTS**

**Page No.**

I.      Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

II.     Factual and Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

III.    Plaintiffs Lack Standing to Assert Any Derivative Claims . . . . . . . . . . . -3-

    A.      Plaintiffs Lack Standing to Assert Any Claims on Behalf of
        RIL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    B.      Plaintiffs Lack Standing to Assert Any Claim on Behalf of
        RComm . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

IV.     Plaintiffs Should Be Ordered to Post a Bond . . . . . . . . . . . . . . . . . . . . -7-

V.      The Complaint Does Not State a Claim for Relief and Is Vague and
        Incomprehensible . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

    A.      Overview of the Legal Requirements . . . . . . . . . . . . . . . . . . . . . -11-

    B.      Each of Plaintiffs' Claims is Deficient . . . . . . . . . . . . . . . . . . . . -12-

VI.     Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

# TABLE OF AUTHORITIES

**Page No.**

**Federal**

Ashcroft v. Iqbal,
  (2009) 556 U.S. 662 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

Desaigoudar v. Meyercord,
  (9th Cir. 2000) 223 F.3d 1020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

First Valley Credit Union v. Bland,
  (C.D. Cal. December 20, 2010) 2010 WL 8757250 . . . . . . . . . . . . . . . -5-

Lewis v. Chiles,
  (9th Cir. 1983) 719 F. 2d 1044 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Moore v. Kayport Package Express, Inc.,
  (9th Cir. 1989) 885 F.2d 531 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

National Credit Union Administration v. Siravo,
  (C.D. Cal. January 31, 2011) 2011 WL 8332854 . . . . . . . . . . . . . . . . . -5-

Parrino v. FHP, Inc.,
  (9th Cir. 1998) 146 F.3d 699 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Potter v. Hughes,
  (9th Cir. 2008) 546 F.3d 1051 . . . . . . . . . . . . . . . . . . . . . . . -6-, -7-

Quinn v. Anvil Corp.,
  (9th Cir. 2012) 620 F. 3d 1005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Shrover v. New Cingular Wireless Services, Inc.,
  (9th Cir. 2010) 622 F.3d 1035 . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

Swartz v. KPMG LLP,
  (9th Cir. 2007) 476 F.3d 756 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

Swierkiewicz v. Sorema N.A.,
  (2002) 534 U.S. 506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

Vess v. Ciby-Geigy Corp., USA,
  (9th Cir. 2003) 317 F.3d 1097 . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

**State**

Bader v. Anderson,
  (2009) 179 Cal. App. 4th 775 . . . . . . . . . . . . . . . . . . . . . . . . . -6-, -7-

Beyerbach v. Juno Oil Co.,
  (1954) 42 Cal. 2d 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

# TABLE OF AUTHORITIES

Page No.

Burt v. The Irvine Co.,
    (1965) 237 Cal. App. 2d 828 . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

Donner Management Co. v. Schaffer,
    (2006) 142 Cal. App. 4th 1296 . . . . . . . . . . . . . . . . . . . . . . . . -8-, -9-

Findley v. Garrett,
    (1952) 109 Cal. App. 2d 166 . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Grosset v. Wenaas,
    (2008) 42 Cal. 4th 1100 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Jones v. H.F. Ahmanson & Co.
    (1969) 1 Cal. 3d 93 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Pacific Lumber Co. v. Superior Court,
    (1990) 226 Cal. App. 3d 371 . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

Shields v. Singleton,
    (1993) 15 Cal. App. 4th 1611 . . . . . . . . . . . . . . . . . . . . -6-, -7-, -8-


**Statutes and Rules**

Cal. Corp. Code §800(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-, -7-

Cal. Corp. Code §800(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Cal. Corp. Code §800(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . -1-, -2-, -11-, -14-

Fed. R. Civ. P. 12(e) . . . . . . . . . . . . . . . . . . . . . . . -1-, -2-, -11-, -12-, -14-

I. **INTRODUCTION**

Defendants RPost Communications Limited ("RComm"), RPost International Limited ("RIL"), and RMail Limited ("RMail") move to dismiss pursuant to Rules 9(b), 12(b)(6) and 12(e).[1]  Plaintiffs' Complaint purports to be a shareholder derivative action seeking that the debts of Terrance Tomkow ("Tomkow") not be discharged.[2]  For a number of reasons, the Complaint is insufficient.

First, Plaintiffs do not have standing to pursue a derivative action at all.  A plaintiff must be a shareholder of the corporation in order to have standing to assert a derivative action.  Yet neither Plaintiff is a shareholder of RIL.  Thus, they have no standing to assert any claim on RIL's behalf.  As to RComm, Plaintiffs are required to state "with particularity" that they made demand on RComm before filing this lawsuit, and their failure to comply with this requirement means they have no standing to pursue any claim on behalf of RComm.  Thus, as to the only two corporations on whose behalf Plaintiffs purport to sue – *i.e.*, the entire action – Plaintiffs have no standing and the Complaint should be dismissed.  This dismissal should be with prejudice.

Assuming the Court were to permit Plaintiffs to continue with this litigation at all, it should order them to post a bond, in the amount of $50,000, in favor of each corporation on whose behalf they purport to assert any claim.  Under the circumstances of this case, such a bond is necessary because the Complaint's

\\\

---

[1]     Plaintiffs have also named Momentex, Inc. and Juan Rojas as defendants. We understand neither of these parties has been served in this lawsuit.

[2]     Plaintiffs filed an identical complaint against Zafar Khan ("Khan"), a debtor in a separate case (Case No. 2:13-BK-19713-VZ).  Khan has moved in this case to consolidate his case with this one.

1  failures are so pervasive that the Court must conclude these claims are not

2  reasonably likely to benefit either RIL or RComm.

3      Further, assuming, *arguendo*, that the Court permits Plaintiffs to pursue

4  their claims, notwithstanding the case-dispositive reasons to dismiss the action

5  with prejudice, the Complaint fails (1) to assert the allegations of fraud with

6  particularity, (2) state a claim upon which relief may be granted, and (3) is so

7  vague and confusing that it should be dismissed under Rules 9(b), 12(b)(6), and

8  12(e) of the Federal Rules of Civil Procedure. Every one of Plaintiffs' claims is

9  grounded on allegations of fraud, yet Plaintiffs do not allege the fraud with the

10 required particularity. And, Plaintiffs do not differentiate in any manner as to the

11 asserted wrongful conduct committed by Khan or Tomkow, instead lumping their

12 alleged conduct together. Further, Plaintiffs purport to assert claims on behalf of

13 two different corporations (RIL and RComm) yet fail to distinguish which claims

14 are brought on behalf of RIL and which ones are brought on behalf of RComm.

15     Finally, Plaintiffs purport to sue RMail as well but the Complaint is vague

16 and uncertain as to what claims are being brought against RMail. In any event the

17 foregoing defects (lack of specificity, failure to state a claim, vague and uncertain)

18 apply to Plaintiffs' claims against RMail as well.

19

20 **II.    FACTUAL AND PROCEDURAL BACKGROUND**

21     RIL was founded in 2000, RMail was founded in 2008, and RComm was

22 founded in 2011. Both plaintiffs were preferred shareholders of RIL until 2011.

23 In early 2011, the RIL shareholders approved a capitalization plan by which all

24 RIL preferred shareholders exchanged their preferred shares in RIL for preferred

25 shares of RComm. As a consequence, plaintiffs' status as RIL shareholders

26 ceased on the plan's effective date – March 21, 2011 – at which time they became

27 preferred shareholders of RComm. [See Declaration of James A. F. Watlington at

28 ¶¶ 1-4 and Exhibit 1.]

1    Plaintiffs Complaint – as best Defendants can understand it – is grounded

2  on allegations flowing from a separate adversary proceedings brought by Kenneth

3  Barton against Tomkow and Khan.   Barton's actions are based upon California

4  State Court proceedings Barton brought against Khan, Tomkow, and RIL.   Barton

5  claims Khan and Tomkow did something wrong to him, and his actions in this

6  Court seek to prevent Khan and Tomkow from having their debts to him

7  discharged.

8    How all this concerns RIL and RComm  – the ostensible basis of Plaintiffs'

9  Complaint – is not made clear in the Complaint.  Presumably, because Plaintiffs,

10  like Barton, seek to prevent Khan and Tomkow from having their debts

11  discharged, and because Plaintiffs sue derivatively on behalf of RIL and RComm,

12  Plaintiffs believe that Khan and Tomkow have somehow harmed RIL and/or

13  RComm, or that RMail is in some manner liable here.  Why Plaintiffs might

14  believe that, or whether such a belief is factually or legally supported, is not

15  demonstrated by Plaintiffs' wholly insufficient pleading.

16

17  **III.    PLAINTIFFS LACK STANDING TO ASSERT ANY DERIVATIVE**

18  **CLAIMS**

19    **A.    Plaintiffs Lack Standing to Assert Any Claims on Behalf of RIL**

20    The Complaint purports to be a shareholder derivative complaint.  Such an

21  action is a lawsuit brought by a corporation's shareholders ostensibly in the name

22  of the corporation.  In essence, the plaintiff asserts claims the corporation has

23  against a third party and, assuming various prerequisites have been satisfied

24  (which, as discussed below, have not been satisfied), pursues the claim on behalf

25  of the corporation.  It is the corporation that has suffered the injury claimed, and if

26  there is a recovery, the corporation receives the proceeds.  As the California

27  Supreme Court has observed:

28  \\\

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

> Because a corporation exists as a separate legal entity, the
> shareholders have no direct cause of action or right of recovery
> against those who have harmed it. The shareholders may,
> however, bring a derivative suit to enforce the corporation's
> rights and redress its injuries when the board of directors fails
> or refuses to do so. When a derivative suit is brought to litigate
> the rights of the corporation, the corporation is an
> indispensable party and must be joined as a nominal defendant.
> An action is deemed derivative if the gravamen of the
> complaint is injury to the corporation, or to the whole body of
> its stock and property without any severance or distribution
> among individual holders, or it seeks to recover assets for the
> corporation or to prevent the dissipation of its assets. . . . When
> a derivative action is successful, the corporation is the only
> party that benefits from any recovery; the shareholders derive
> no benefit except the indirect benefit resulting from a
> realization upon the corporation's assets.

18  Grosset v. Wenaas, 42 Cal. 4th 1100, 1108 (2008) (quoting Jones v. H.F.

19  Ahmanson & Co. (1969) 1 Cal. 3d 93, 107, citations omitted, internal quote marks

20  omitted).

21        Because it is the corporation that has been injured and that will recover, the

22  plaintiff can pursue a derivative claim only if he is a shareholder of the

23  corporation.  The plaintiff must maintain and retain his shareholder status at all

24  times relevant, including when he files the lawsuit and when judgment is entered.

25  Grosset, supra, 42 Cal. 4th at 1119 ("we hold that California law, like Delaware

26  law, generally requires a plaintiff in a shareholder's derivative suit to maintain

27  continuous stock ownership throughout the pendency of the litigation"); see also

28  Quinn v. Anvil Corp. 620 F. 3d 1005, 1012 (9th Cir. 2012) ('a derivative plaintiff

1    [must] be a shareholder at the time of the alleged wrongful acts [and] . . . also . . .

2    for the duration of the lawsuit") (quoting <u>Lewis v. Chiles</u>, 719 F. 2d 1044, 1047

3    (9th Cir. 1983), internal quote marks omitted).[3]

4     Here, neither Plaintiff is a shareholder of RIL,[4] and neither Plaintiff has

5    been an RIL shareholder since 2011.  Since this is a purported derivative action

6    and nothing more, Plaintiffs have no standing to pursue these claims on behalf of

7    RIL.  Accordingly, the Court should dismiss RIL from this lawsuit with prejudice.

8     **B.** **<u>Plaintiffs Lack Standing to Assert Any Claim on Behalf of</u>**

9      **<u>RComm</u>**

10    A derivative action plaintiff must allege "with particularity . . . [his] efforts

11   he made to secure from the board such action as . . . [he] desires. . . ."  Cal. Corp.

---

14   [3] California courts also hold the plaintiff must also be a shareholder at the
15   time the allegedly wrongful acts occurred.  <u>See</u> <u>Pacific Lumber Co. v. Superior</u>
16   <u>Court</u>, 226 Cal. App. 3d 371, 376 (1990) (Cal. Corps. Code section 800 "prohibits
      an individual from bringing a derivative action unless he was a shareholder both at
17   the time he filed the derivative action and at the time of the transaction of which
18   he complains") (citations omitted).

19   [4] The Court may properly consider the Declaration of James A. F. Watlington
20   and the shareholder registry of RIL, which demonstrates Plaintiffs are not RIL
      shareholders because Plaintiffs' status as RIL shareholders necessarily relies on
21   the document.  <u>See, e.g.</u>, <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir. 1998) ("a
      district court ruling on a motion to dismiss may consider a document the
22   authenticity of which is not contested, and upon which the plaintiff's complaint
23   necessarily relies") (footnote omitted).  <u>See also</u> <u>Findley v. Garrett</u>, 109 Cal. App.
      2d 166, 178-80 (1952) (affirming trial court's sustaining demurrer to shareholder
24   derivative action where corporation's board determined not to pursue litigation
25   following plaintiff's demand; information about corporation board's determination
      provided to court with defendants' demurrers); <u>National Credit Union</u>
26   <u>Administration v. Siravo</u>, 2011 WL 8332854 (C.D. Cal. January 31, 2011)
27   (granting motion to dismiss based upon business judgment rule); <u>First Valley</u>
      <u>Credit Union v. Bland</u>, 2010 WL 8757250 (C.D. Cal. December 20, 2010)
28   (granting motion to dismiss based upon business judgment rule).

1    Code §800(b)(2). A plaintiff who fails to satisfy this pre-filing demand

2    requirement lacks standing to pursue the lawsuit. Bader v. Anderson, 179 Cal.

3    App. 4th 775, 794 (2009) ("the failure to comply with this requirement under

4    section 800(b)(2) leaves a shareholder plaintiff without standing to bring a

5    derivative claim on behalf of the corporation") (citation omitted).

6          The particularity requirement for pre-filing demands means the Court must

7    be apprised of the specifics of the plaintiff's demand since the Court must evaluate

8    whether the demand sufficiently notified the corporation of what the plaintiff

9    wanted the board to do. "[A] valid demand must give the board of directors the

10    opportunity to consider and act upon the proposed litigation by presenting to the

11    board the ultimate facts of each cause of action and the action which plaintiff

12    wishes the board to take to remedy the alleged wrongdoing." Potter v. Hughes,

13    546 F.3d 1051, 1056 (9th Cir. 2008) (citation omitted) (affirming district court's

14    grant of 12(b)(6) motion). Since an invalid demand is the equivalent to no

15    demand, and since no demand means the plaintiff cannot bring the lawsuit at all,

16    the Court needs to know the specifics of the demand.

17          Here, the Complaint fails to satisfy the pre-filing demand requirement.

18    Indeed, all Plaintiff alleges is that only one of them (Plaintiff Burke) "informed

19    [RComm's] board of directors . . . in writing, of the existence of Debtors' KHAN

20    and TOMKOW's bankruptcy filings, and of the ultimate facts of the claims set

21    forth below." [Complaint, ¶39.] This bare allegation does not satisfy the

22    requirement that the plaintiff allege "with particularity" the efforts he made to

23    secure board action. Plaintiffs do not attach copies of their demands as exhibits to

24    the Complaint, nor do they allege the particulars of what their demand was. Since

25    a valid pre-filing demand is a prerequisite to Plaintiffs' right to proceed, Plaintiffs

26    are obliged to provide the Court with the substance of the demand they claim they

27    sent in order to demonstrate their demand was valid. See Shields v. Singleton, 15

28    Cal. App. 4th 1611, 1619 (1993) ("If the plaintiff fails to comply with the

1  requirements of either subdivision (b)(1) or (b)(2) of section 800 the complaint is

2  subject to demurrer.")

3      If the plaintiff seeks to be excused from the demand requirement, he must

4  allege, also with particularity, that demand would have been futile.  Cal. Corp.

5  Code §800(b)(2), <u>Bader</u>, <u>supra</u>, 179 Cal. App. 4th at 793; <u>Potter</u>, <u>supra</u>, 546 F.3d at

6  1056.  As with the need to allege the substance of the pre-filing demand, the facts

7  supporting a demand futility conclusion must be specifically asserted.  <u>See</u>

8  <u>Shields</u>, <u>supra</u>, 15 Cal. App. 4th at 1619.

9      Here, though, Plaintiff does not allege any facts to show that whatever

10  demand he made on RComm's board was futile.[5]  Since Plaintiffs are obliged to

11  allege the facts demonstrating demand futility with particularity, total silence on

12  this point plainly does not suffice.

13      Where a derivative plaintiff merely asserts he made a demand but fails to

14  provide a copy of that demand or to allege the substance of it, he has failed to

15  satisfy section 800's requirement that he allege the demand with particularity.

16  Similarly, where a plaintiff claims demand futility, he must allege the supporting

17  facts with particularity.  The failure to comply with either requirement means the

18  plaintiff does not have standing to pursue a derivative lawsuit.  Here, Plaintiffs'

19  Complaint fails for both reasons, and the Court should dismiss the action with

20  prejudice.

21

22  **IV.    <u>PLAINTIFFS SHOULD BE ORDERED TO POST A BOND</u>**

23      The Court should require Plaintiffs to post a bond, in the amount of

24  $50,000, in favor of each corporation on whose behalf Plaintiffs purport to bring

25  \\\

26

27    [5]  Plaintiffs' purported pre-filing demand on RIL is plainly invalid since

28  neither Plaintiff is an RIL shareholder.

1  this action (RIL and RComm) if Plaintiffs insist on being permitted to pursue

2  claims on behalf of either one.  California Corporations Code section 800(c)

3  provides the Court must require the plaintiff to post a bond of $50,000 in order to

4  pursue a derivative claim if the Complaint does not affirmatively demonstrate the

5  lawsuit is in the corporation's best interests.  See Shields, supra, 15 Cal. App. 4th at

6  1619 ("The third hurdle for the derivative plaintiff is the requirement of section

7  800 subdivision (c) that the plaintiff demonstrate a reasonable probability that the

8  prosecution of the action will benefit the corporation or its shareholders.")  The

9  bond requirement is mandatory if the plaintiff's complaint fails in this regard.  "If

10  the court determines, after hearing the evidence adduced by the parties, that the

11  moving party has established a probability in support of any of the grounds upon

12  which the motion is based, the court shall fix the amount of the bond, not to

13  exceed fifty thousand dollars. . . ."  Cal. Corp. Code §800(d) (emphasis added).

14  See also Donner Management Co. v. Schaffer, 142 Cal. App. 4th 1296, 1304

15  (2006) (if section 800's conditions are met, "the court fixes the amount of the bond

16  (not to exceed $50,000). . . .")

17        The purpose of the bond is evident – to protect corporations from meritless

18  lawsuits such as Plaintiffs attempt to bring here:

19              The purpose of the section 800 security provision is to prevent

20              unwarranted shareholder derivative lawsuits. . . .  The

21              justification for the security is derived from the fact that the

22              cause of action and potential remedy belong to the corporation,

23              not the shareholder . . . and the corporation has chosen not to

24              pursue the litigation.  As explained by the California Supreme

25              Court: '[E]very stockholder who . . . is unable to induce the

26              corporation, through its board of directors, to institute a

27              particular action on its own behalf, and who undertakes as its

28              volunteer representative to sue on the cause asserted by him,

1    may be required to furnish security. . . .   In these circumstances

2    the Legislature, for the protection of third persons who have

3    dealt with the corporation, as well as for the protection of the

4    corporation and its officers and employe[e]s, can

5    constitutionally require that the stockholder who would act as

6    in the nature of a guardian ad litem must, as a condition of

7    prosecuting the action on behalf of the corporation, either show

8    a reasonable probability that the suit will be successful or

9    secure the payment of the defendants' expenses should they

10   prevail. The Legislature, of course, can attribute some weight

11   to the fact that the corporation has not seen fit to institute

12   action on a cause which either belongs to it or to no one.

13  Donner, supra, 142 Cal. App. 4th at 1305 (quoting Beyerbach v. Juno Oil Co., 42

14  Cal. 2d 11, 21 (1954), citations and internal quote marks omitted).  See also Burt

15  v. The Irvine Co., 237 Cal. App. 2d 828, 869 (1965) (affirming trial court decision

16  to require derivative plaintiff to post security.

17   Here, there is ample evidence this lawsuit will not benefit either RIL or

18  RComm or any of their shareholders.  As noted above, neither Plaintiff is a

19  shareholder of RIL, yet they purport to pursue a derivative action on its behalf.  As

20  to RIL, there is therefore no possibility whatsoever that this lawsuit could

21  conceivably benefit RIL or its shareholders.  (And, as discussed below, in any

22  event, Plaintiffs have not stated any claim in favor of RIL.)  If, notwithstanding

23  the clear evidence they are not RIL shareholders, they insist on being allowed to

24  continue this lawsuit as to RIL, the Court should require that they put their money

25  where their mouths are and post the necessary bond.

26   Similarly, as to RComm, Plaintiffs do not have standing, and the Complaint

27  does not state any plausible claim in favor of RComm.  Moreover, a review of the

28  allegations in the Complaint confirm that Plaintiffs have no meaningful claims as

1    to RComm.  Indeed, the basis of Plaintiffs' Complaint seems to rely entirely on

2    Barton's claims, which were brought only against Khan, Tomkow, and RIL.  How

3    RComm is conceivably to benefit from Plaintiffs' Complaint is not by any means

4    apparent.  Thus, the lawsuit is not likely to benefit RComm if Plaintiffs are

5    allowed to pursue it, and the Court should require that Plaintiffs post a $50,000

6    bond in favor of RComm as well.

7

8    **V.    THE COMPLAINT DOES NOT STATE A CLAIM FOR RELIEF**

9    **AND IS VAGUE AND INCOMPREHENSIBLE**

10    Seemingly riding on the coattails of Barton's adversary proceedings against

11    Khan and Tomkow, which themselves are grounded on Barton's proceedings

12    against Khan, Tomkow, and RIL in California State Court, Plaintiffs here jumble

13    and cobble together allegations from Barton's adversary proceedings in an effort

14    to state claims on behalf of RIL and RComm.  The problem with this approach –

15    or at least the problem with how Plaintiffs have executed this approach – is

16    Plaintiffs make no effort to connect the dots from Barton's allegations into

17    derivative claims RIL or RComm might have.

18    Moreover, since every one of Plaintiffs' claims is grounded on allegations

19    of fraud, Plaintiffs not only have to connect the dots – if they can – but they have

20    to do so with the requisite particularity for fraud allegations.  This Plaintiffs

21    wholly fail to do.  They do not allege the elements of fraud with particularity, nor

22    do they differentiate between asserted fraudulent acts by Khan versus asserted

23    fraudulent acts by Tomkow.

24    Further, Plaintiffs do not identify which of the claims they assert – none of

25    which is adequately pleaded – is brought on behalf of RIL and which ones are

26    brought on behalf of RComm.

27    Finally, the Complaint names RMail as a defendant but does not articulate

28    which claims Plaintiffs are purporting to assert against RMail.  Similarly, the

1    Complaint's failures (lack of specificty, failure to state a claim, vagueness)

2    discussed in connnection with RIL and RComm applies to the allegations as to

3    RMail with equal force.

4        For all these reasons, Plaintiffs' Complaint fails to satisfy Rules 9(b),

5    12(b)(6), or 12(e), and the Complaint should accordingly be dismissed.

6    ### A.    Overview of the Legal Requirements

7        A complaint must assert sufficient facts to state a claim for relief under a

8    cognizable legal theory. Shrover v. New Cingular Wireless Services, Inc., 622

9    F.3d 1035, 1041 (9th Cir. 2010). These facts must assert a facially plausible claim.

10   Id. "A claim has facial plausibility when the plaintiff pleads factual content that

11   allows the court to draw the reasonable inference that the defendant is liable for

12   the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation

13   omitted).

14       All averments of fraud must be made "with particularity." Fed. R. Civ. P.

15   9(b); Desaigoudar v. Meyercord, 223 F.3d 1020, 1022-23 (9th Cir. 2000). This

16   means all allegations of fraud must be asserted with particularity, even if the claim

17   asserted is not a fraud claim. Vess v. Ciby-Geigy Corp., USA, 317 F.3d 1097,

18   1104 (9th Cir. 2003).

19       In order to plead fraud with particularity, the plaintiff cannot rely on

20   conclusory allegations. Moore v. Kayport Package Express, Inc., 885 F.2d 531,

21   540 (9th Cir. 1989). And, where multiple defendants are sued, the complaint must

22   "inform each defendant separately of the allegations surrounding his alleged

23   participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir.

24   2007).

25       A complaint that is "so vague and ambiguous that the party cannot

26   reasonably prepare a response" should be dismissed under Federal Rule of Civil

27   Procedure 12(e). See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If

28   a pleading fails to specify the allegations in a manner that provides sufficient

1  notice, a defendant can move for a more definite statement under 12(e) before

2  responding.")

3  ### B.    Each of Plaintiffs' Claims is Deficient

4  All of Plaintiffs' claims are either claims of fraud or contain averments of

5  fraud. Thus, Plaintiffs are obliged to assert the fraud alleged with particularity.

6  This Plaintiffs have failed to do. Regardless of how Plaintiffs' purport to

7  label their claims, Plaintiffs do not state what precisely is the fraud that they claim

8  Khan and Tomkow committed. Indeed, they do not differentiate between Khan

9  and Tomkow in identifying what fraud each one assertedly committed. Similarly,

10  Plaintiffs do not state that anyone relied on whatever fraudulent acts or statements

11  either Khan or Tomkow committed, nor do they allege that any such reliance was

12  reasonable. And finally, Plaintiffs do not allege that RIL or RComm suffered any

13  damage as a result of any fraud by either Khan or Tomkow. Indeed, Plaintiffs do

14  not even explain which of Khan's and which of Tomkow's asserted wrongs were

15  committed against RIL, and which ones were asserted against RComm. Thus, on

16  the face of the Complaint, both RIL and RComm have identical claims for

17  identical wrongful acts against Khan and Tomkow. This is simply nonsensical.

18  Even if there were a hint of merit to Barton's allegations in his adversary

19  proceeding, his claim is based on his lawsuit against Khan, Tomkow, and RIL

20  only.

21  For example, in Plaintiff's first claim for relief, Plaintiffs allege Khan and

22  Tomkow owed RIL and RComm fiduciary duties and they allegedly

23  misappropriated RIL's and RComm's monies "in connection with the RMail

24  transaction." [Complaint, ¶48.] Nowhere do Plaintiffs assert how such claimed

25  misappropriation occurred, when it occurred, or the nature of Khan's and

26  Tomkow's involvement in the so-called misappropriation. Thus, this claim lacks

27  sufficient particularity to be permitted to proceed.

28  \\\

1    More fundamentally, though, Plaintiffs allege this supposed

2  misappropriation constitued breaches of fiduciary duty to both RIL and RComm.

3  Yet, according to Plaintiffs' own allegations, the RMail transaction was a

4  transaction between <u>RIL</u> and RMail, whereby <u>RIL</u>'s assets were assertedly

5  transferred to RMail. [Complaint, ¶34.] While presumably Plaintiffs claim the

6  RIL-RMail transfers were somehow improper – how, they do not say – Plaintiffs

7  purport to assert this claim on behalf of both RIL and RComm. If, as Plaintiffs

8  allege, RComm was not involved in this transaction, and its assets were not

9  (assertedly improperly) transferred, how can Plaintiffs bring this claim on its

10  behalf?

11    These same defects infect Plaintiffs' remaining claims. Thus, his second

12  claim – styled in fraudulent transfer language – again cites to the assertedly

13  improper RIL-RMail transfers without providing sufficient specificity, without

14  delineating between Khan's alleged wrongdoing and Tomkow's alleged

15  wrongdoing, and purporting to be on behalf of both RIL and RComm even though

16  the transfers were only between RIL and RMail.

17    Plaintiffs' third and fourth claims purport to assert wrongful acts by both

18  Khan and Tomkow. Yet, the only allegations concern Khan. And even those are

19  stated in a wholly conclusory manner – Khan supposedly misappropriated funds.

20  When did he commit these acts; how did he accomplish them? Which

21  corporation's funds were supposedly misappropriated, and how was each

22  corporation harmed. None of these necessary facts is alleged.

23    In addition, Plaintiffs recite numerous allegations lifted from Barton's

24  adversary proceedings against Khan and Tomkow, apparently seeking to bolster

25  this lawsuit. But nowhere do Plaintiffs connect the dots between what the State

26  Court might have found in Barton's lawsuit against Khan, Tomkow, and RIL and

27  the claims Plaintiffs purport to bring on behalf of RIL and RComm. Thus, while

28  these allegations (even if they were accurate) are certainly inflammatory, their

1  relevance to this lawsuit is not apparent.  Indeed, while, according to Plaintiffs, the
2  result of Barton's lawsuit will be a judgment against Khan, Tomkow, and RIL for
3  approximately $4 million [Complaint, ¶21], RIL and RComm have assertedly been
4  harmed to the tune of more than $100 million. [Complaint, ¶¶49, 57.]  Even if,
5  *arguendo*, the Barton lawsuit had any relevance to Plaintiffs' claims here (which
6  relevance is not revealed in the Complaint), there is such a magnificent disconnect
7  between the harm Barton alleges and RIL's and RComm's harm as Plaintiffs here
8  allege that the Complaint is simply not plausible.

9      Whether characterized as a failure under Rule 9(b), Rule 12(b)(6), or 12(e),
10  Plaintiffs' Complaint is woefully inadequate.  If the Court does not dismiss it in its
11  entirety on the basis of lack of standing (in which case the dismissal should be
12  with prejudice), it should dismiss it as being insufficient.

13      Finally, it is not clear what claims Plaintiffs are pursuing against RMail.
14  Plaintiffs' second claim for relief states that it is against RMail and Debtor.  But
15  the other claims for relief do not state against whom such claims are being
16  asserted.  RMail is entitled to know whether it is being sued in any manner as to
17  any claim other than the second claim.

18      As to the second claim (which does name RMail), the Complaint is deficient
19  for all the reasons discussed above.  It does not state the asserted fraud with
20  particularity, and it does not assert what wrongful acts RMail is supposed to have
21  done.  Accordingly, the Complaint does not state a claim against RMail or is so
22  vague as to RMail's acts or omissions that it cannot respond.

23

24  ## VI.    CONCLUSION

25      Plaintiffs do not have standing to pursue this lawsuit on behalf of either RIL
26  or RComm, and the Court should dismiss the entire action with prejudice.  In the
27  event the Court permits Plaintiffs to try again, it should require Plaintiffs to post a
28  bond, in the amount of $50,000, in favor of all corporations on whose behalf they

1  wish to pursue any claims.  Finally, also if the Court permits Plaintiffs to try again,

2  it should order them to plead in a manner consistent with the Federal Rules of

3  Civil Procedure.

4

5

6  Dated: August 28, 2013              Respectfully submitted,

7                                      BEN-ZVI & ASSOCIATES

8

9                                      By:

10                                         HENRY BEN-ZVI

11                                      Attorneys for Defendants RPOST
                                        INTERNATIONAL LIMITED, RPOST
                                        COMMUNICATIONS LIMITED, and
12                                      RMAIL LIMITED

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 3231 Ocean Park Blvd., Suite 212, Santa Monica, California 90405.

On August 29, 2013, I served the attached **DEFENDANTS' MOTION TO DISMISS** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Barry M. Appell, Esq.                    Lewis R. Landau, Esq.
Scott E. Shapiro, Esq.                   Horgan Rosen Beckham & Coren LLP
Appell Shapiro, LLP                      23975 Park Sorrento, Suite 200
15233 Ventura Blvd., Suite 420           Calabasas, CA 91302
Sherman Oaks, CA 91403

**SERVICE BY MAIL:**

__X__  I caused such envelope to be deposited in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on August 29, 2013, at Santa Monica, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____Rachel Bax_____                    _____
(Type or print name)                      (Signature)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3231 Ocean Park Blvd., Suite 212, Santa Monica, CA 90405

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANTS' MOTION TO DISMISS
_____
_____

will be served ~~or was served~~ **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __08/29/2013__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia W. Brand
U.S. Bankruptcy Court, Roybal Federal Building
255 E. Temple Street, Courtroom 1382
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/29/2013 | Rachel Bax | *[signature]* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**